UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MICHAEL HATHAWAY, ET AL** | **CASE NO. 6:23-CV-00951** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **KEYSTONE RV CO.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Keystone's Motion for Change of Venue (Rec. Doc. 12). Plaintiffs oppose the Motion (Rec. Docs. 20). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Court recommends that Keystone's Motion be DENIED.

### Facts and Procedural History

On July 19, 2023, Plaintiffs filed their Complaint pleading causes of action under the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301, *et seq*.) and redhibition pursuant to Louisiana Civil Code Article 2520, *et seq*. (Rec. Doc. 1). This matter arises out of Plaintiffs' purchase of a new 2022 Keystone Fuzion Fifth Wheel recreational vehicle manufactured by Keystone. (*Id*.). Plaintiffs purchased

the vehicle in Texas. (*Id*.). Plaintiffs allege that when they took possession of the vehicle, the vehicle was defective in materials and workmanship and began experiencing defective conditions within the first few months of ownership. *(Id*.). Plaintiffs' Complaint details the alleged defects and subsequent attempts to repair in Louisiana. (*Id*. at ¶ 12(a-v)).

Pertinent to the present matter, on or about July 25, 2023, Keystone waived service of a summons, and, on September 18, 2023, Keystone filed an Answer and Affirmative Defenses to Complaint. (Rec. Docs. 3 & 4). On November 8, 2023, the parties filed a Joint Rule 26(f) Report. (Rec. Doc. 7). Notably, the Joint Rule 26(f) Report did not include any indication that Keystone would be pursuing a change in venue. (*Id*.). To the contrary, Keystone detailed its anticipated dispositive motions and mentioned its desire to participate in a settlement conference before the undersigned. (*Id*.). On November 14, 2023, the parties appeared before the Court for a telephonic scheduling conference and agreed upon jury trial and pre-trial conference dates, and a Scheduling Order was issued the following day. (Rec. Docs. 10 & 11). The matter is currently scheduled for trial on October 21, 2024. (*Id*.). On March 28, 2024, over 8 months since the case was initiated, Keystone filed the Motion for Change of Venue presently before the Court. (Rec. Doc. 12).

According to Keystone, a written Warranty Guide was provided to Plaintiffs in connection with their purchase of the recreational vehicle. (*Id*.). Keystone contends that the written warranty contains a mandatory forum selection clause which requires that Plaintiffs bring their claims in the state or federal courts of Indiana, the state where the vehicle was assembled and manufactured. (*Id*.). The forum selection clause at issue in this case, as set forth in the Warranty Guide, states:

> **ANY ACTION TO ENFORCE ANY PORTION OF THE LIMITED BASE OR STRUCTURAL WARRANTIES, OR ANY IMPLIED WARRANTY, MUST BE COMMENCED WITHIN SIX (6) MONTHS AFTER EXPIRATION OF THE STATED RESPECTIVE LIMITED WARRANTY PERIODS OR THE ACTION WILL BE BARRED BECAUSE OF THE PASSAGE OF TIME. ANY PERFORMANCE OF REPAIRS WILL NOT SUSPEND THIS LIMITATION PERIOD FROM EXPIRING.**
>
> **SOME STATES ALSO DO NOT ALLOW THE REDUCTION IN THE STATUTE OF LIMITATIONS, SO THEY MAY NOT APPLY TO YOU.**
>
> **EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE. ALSO, THE LIMITED WARRANTIES WILL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES, AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THE LIMITED WARRANTIES, WHETHER SOUNDING IN CONTRACT, TORT OR STATUTE, WILL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY**

**CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.**

**PLEASE NOTE: THE ABOVE LIMITED WARRANTIES GIVE YOU SPECIFIC LEGAL RIGHTS. YOU MAY ALSO HAVE OTHER RIGHTS WHICH VARY FROM STATE TO STATE.**

(Rec. Doc. 12-4, p. 7)(emphasis in original).

Keystone cites to *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) wherein the Supreme Court held, in part, that valid forum selection clauses should be enforced absent extraordinary circumstances unrelated to the convenience of the parties. Keystone asserts that no such extraordinary circumstances are present in this case. (Rec. Doc. 12-1, p. 2).

Plaintiffs maintain that Keystone's Motion is untimely, would unduly prejudice Plaintiffs by depriving them of a remedy, and is a dilatory tactic. (Rec. Doc. 20)(citing *American Standard Inc. v. Bendix Corp.*, 487 F. Supp. 254 (W.D. Mo. 1980)). Plaintiffs also question the validity of the forum selection clause noting that it was never presented to them or included in any of the paperwork signed by Plaintiffs. (Rec. Doc. 20).

## Law and Analysis

### I. Whether Keystone waived its right to seek transfer pursuant to the forum selection clause.

Plaintiffs argue that the untimeliness of Keystone's motion delays the case to the parties' and Court's detriment as the case has already been set for trial and discovery exchange has begun. (Rec. Doc. 20). The question for this Court is whether Keystone's delay in seeking a change in venue pursuant to the forum selection clause constitutes Keystone's waiver of such a request. The Fifth Circuit has posed two alternative approaches to determining whether a litigant has waived its right to enforce a forum selection clause. Although the Fifth Circuit did not decide which of the two analyses should govern, it explained as follows:

> The first approach is a traditional inquiry that asks whether a party "intentionally or voluntarily relinquished its rights under the clause." The cases articulating this approach hold that waiver of a forum-selection clause requires: "(1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." "Waiver can also occur if a party engages in 'conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.'" Under the second approach, "the party to the forum selection clause waives its right if it (1) substantially invokes the judicial process in derogation of the forum selection clause and (2) thereby causes detriment or prejudice to the other party."
>
> "To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the ... dispute through litigation....'" Litigation on the merits can substantially invoke the judicial process.

*Hampton v. Equity Tr. Co.,* 736 F. App'x 430, 435–36 (5th Cir. 2018) (internal citations omitted)(discussing *Wellogix, Inc. v. SAP Am., Inc.*, 648 Fed.Appx. 398, 401 (5th Cir. 2016), *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 426 (5th Cir. 2016), and *In re Mirant Corp.*, 613 F.3d 584, 588 (5th Cir. 2010)).

The Court finds that under either approach, Keystone has waived its right to seek transfer pursuant to the forum selection clause. Under the first approach, Keystone was on notice that Plaintiffs were pursuing claims in the Western District of Louisiana since July 2023. (Rec. Docs. 1 & 3). Over eight months later, Keystone now seeks to invoke their forum selection clause; however, in those eight months, Keystone has been actively participating in the judicial process before this Court. Keystone filed an Answer and Affirmative Defenses (Rec. Doc. 4); Keystone filed a Joint Rule 26(f) Report (Rec. Doc. 7); and Keystone appeared before the Court for a Scheduling Conference and agreed to jury trial and pretrial conference dates. (Rec. Docs. 10 & 11). Additionally, according to Keystone's *Ex Parte* Motion to Stay Action and/or Extend Remaining Scheduling Order Deadlines and Alternative Motion to Extend Date for Defendant's Expert Reports (Rec. Doc. 13), which was filed on the same day as the present Motion, Keystone has been abiding by the November 11, 2023 Scheduling Order and actively participating in discovery

6

exchange. As the forum selection clause at issue was part of Keystone's written warranty and for the benefit of Keystone, the Court finds that prongs one and two are met. *See Hampton* 736 F. App'x at 435. The Court likewise finds that prong three is met because Keystone has engaged in conduct so inconsistent with the intent to enforce the forum selection clause as to induce a reasonable belief that it has been relinquished. *Id*.

Under the second approach, Keystone substantially invoked the judicial process in derogation of the forum selection clause, as detailed above, and to Plaintiffs' detriment. *Id*. Not only have Plaintiffs alleged that they will be prejudiced if venue is transferred because they have engaged in discovery and trial is set, but Plaintiffs also allege that they would be left with no remedy in Indiana if the case is transferred as the clause also requires the application of Indiana law which does not provide for the same tolling of the prescriptive period as Louisiana law. (Rec. Doc. 20). Accordingly, the Court finds that Keystone has waived its right to seek transfer based on the forum selection clause and recommends that Keystone's Motion for Change of Venue (Rec. Doc. 12) be denied.

## Conclusion

For the reasons discussed herein, the Court recommends that Keystone's Motion for Change of Venue (Rec. Doc. 12) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 22nd day of May, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

9